# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

JUAN MANUEL ZUNIGA GARCIA,

Petitioner,

v.

DANIEL BRIGHTMAN, *et al.*,

Respondents.

Case No. 26-cv-03760-BAS-VET

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Juan Manuel Zuniga Garcia filed a habeas petition pursuant to 28 U.S.C. § 2241 requesting a bond hearing.  (ECF No. 1.)  The Government responded to the Petition, acknowledging that Petitioner is a member of the class certified in *Maldonado Bautista*, and thus, the Government "do[es] not oppose an order from this court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."  (ECF No. 5.)  For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be given a bond hearing within 10 days.

26cv3760

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The writ is available to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody, and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    ANALYSIS

Petitioner entered the United States without inspection in 1999—twenty-six years ago—and has lived continuously in the United States since then.  (Pet. ¶¶ 6(b), 13.) On June 15, 2026, Immigration and Customs Enforcement ("ICE") arrested Petitioner in the interior of the United States. (*Id.* ¶ 13.) He has been denied a bond hearing solely on the ground that his detention was mandatory pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  (*Id.* ¶¶ 30–36, 39.)

The Central District of California has certified a class of which Petitioner is a member and essentially overruled *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025). Although the Ninth Circuit has stayed application of the class to any members outside the Central District of California, *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), this Court has previously held in multiple cases that it agrees with the court in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225. *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026). Hence, for all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition.

26cv3760

## III.  CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Juan Manuel Zuniga Garcia (A#226-172-128) within 10 days of the date of this Order. The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). If no bond hearing is held within 10 days, Petitioner is ordered released forthwith.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: July 7, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv3760